UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                JS-6      'O'

| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
|---|---|---|---|
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**   (IN CHAMBERS): DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION (dkt. 10, filed October 14, 2014)

PLAINTIFF'S MOTION TO REMAND (dkt. 16, filed November 3, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing currently scheduled for December 1, 2014 is hereby vacated, and the matter is taken under submission.

## I.   INTRODUCTION

On August 14, 2014, plaintiff Rossana Rios filed a complaint in the Los Angeles County Superior Court against her former employers Career Education Corporation and Le Cordon Bleu North America, LLC (collectively, "Company defendants").[1] Dkt. 1. Plaintiff also named as defendant her supervisor, Anastasia Vereninova. Id. On October 3, 2014, Company defendants filed a notice of removal on the grounds of diversity jurisdiction. Id.[2]

---

[1] Plaintiff erroneously named Le Cordon Bleu North America, LLC as Southern California School of Culinary Arts. Notice of Removal at 1.

[2] Vereninova did not join the Company defendants in their petition for removal. "Although the usual rule is that all defendants in an action in a state court must join in a petition for removal . . . the 'rule of unanimity' does not apply to 'nominal, unknown or fraudulently joined parties'[]" United Computer Sys., Inc. v. AT & T Corp., 298 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6  'O' |
|---|---|---|---|
| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

   Plaintiff's complaint alleges the following seventeen claims against the Company defendants: (1) discrimination on the basis of race in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code section 12940 *et seq*; (2) harassment on the basis of race in violation of FEHA; (3) discrimination on the basis of disability in violation of FEHA; (4) failure to provide reasonable accommodation in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) retaliation in violation of FEHA; (7) failure to take reasonable steps to prevent discrimination in violation of FEHA; (8) wrongful termination in violation of public policy; (9) violation of Cal. Labor Code section 6310; (10) violation of Cal. Labor Code section 1102.5; (11) violation of Cal. Labor Code section 510; (12) violation of Cal. Labor Code section 226.7(a); (13) violation of Cal. Labor Code sections 201-218.6 ; (14) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code section 17200, *et seq.*; (15) breach of oral and written contract; (16) fraud; and (17) invasion of privacy. Id.  Plaintiff only alleges her second claim for harassment on the basis of race in violation of FEHA against individual defendant Vereninova.  Id.

   On October 14, 2014, Vereninova filed a motion to dismiss plaintiff's second claim for race-based harassment pursuant to Rule 12(b)(6).  Dkt. 10.  Plaintiff opposed the motion on October 27, 2014, dkt. 11, and Vereninova replied on November 3, 2014, dkt. 17.  On November 3, 2014, plaintiff filed a motion to remand the case to state court.  Dkt. 16.  Defendants opposed the motion on November 10, 2014, dkt. 21, and plaintiff replied on November 17, 2014.  Dkt. 22.³  Having carefully considered the parties' arguments,

---

756, 762 (9th Cir. 2002) (internal citations omitted).  As discussed in greater detail *infra*, the Company defendants assert that Vereninova is a sham defendant who was fraudulently joined by plaintiff, and thus she was not required to join in the removal.   In any event, Vereninova and the Company defendants are represented by the same attorneys, and the Company defendants state that "if necessary, [Vereninova] does join in this removal."  Notice of Removal at 8.

  ³ In opposing plaintiff's motion to remand, defendants also filed a request for judicial notice ("RJN").  Dkt. 21-2.  In it, defendants ask the Court to take notice of Portia Bryans v. J.P. Morgan Chase Nat'l. Corp. Serv., Inc., Case No. SACV 09-00100-CJC (RNBx) (C.D. Cal. Feb. 26, 2009), where the court denied a plaintiff's motion to remand and granted defendant's motion to dismiss under somewhat similar circumstances.  Plaintiff objected to defendants' RJN.  Id.  The Court takes judicial notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6    'O' |
|---|---|---|---|
| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

the Court finds and concludes as follows.

## II.  BACKGROUND

This cases arises from the termination of plaintiff's employment by the Company defendants. Plaintiff is a Puerto Rican woman who was employed by Company defendants as an Admissions Representative from February 2010 until her termination on August 6, 2013. Compl. ¶¶ 13-14. During plaintiff's employment, the Director of Admissions and plaintiff's supervisor was defendant Vereninova, a Caucasian woman. Id. ¶¶ 17-18.

As is relevant here, plaintiff alleges that despite her consistently superior performance as an employee, plaintiff was denied promotions for which she was qualified, and those promotions were instead given to less-qualified employees who were not Hispanic. Id. ¶¶ 14-18. Additionally, plaintiff alleges that Vereninova was "condescending and abusive towards Hispanic employees," including plaintiff, and regularly favored White employees. Id. ¶ 18. As a result of Vereninova's alleged mistreatment of Hispanic employees, plaintiff alleges that Vereninova created a hostile work environment. Id. ¶¶ 57-64.

## III.  LEGAL STANDARD

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (The Rutter Group 2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined

---

of the Order, but not for the truth of matter asserted therein. See In re Bare Escentuals, Inc. Sec. Litig., 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6    'O' |
|---|---|---|---|
| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir.1987).

Courts recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Group, 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted); see also Hale v. Bank of Am., N.A., 2013 WL 989968, at *3 (C.D. Cal. Mar. 13, 2013) ("There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."); Davis v. Prentiss Properties Ltd., Inc., 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) (suggesting that for fraudulent joinder to exist, a claim would have to be so frivolous as to also violate Fed. R. Civ. P. 11(b) meriting possible sanctions).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir.1983) (citations omitted). Because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." Macey v. Allstate Property and Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Id.; see also Good v. Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant"). In determining whether a party has been fraudulently joined, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer, ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n. 6 (9th Cir. 1985)). "Fraudulent joinder must be proven by clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6  'O'

| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
|---|---|---|---|
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

## IV. DISCUSSION

### A. Fraudulent Joinder

Company defendants assert that Vereninova is a "sham" defendant, fraudulently named by plaintiff in order to defeat diversity jurisdiction and prevent removal to federal court.[4] The Court's jurisdiction over this matter thus depends on whether the claim of plaintiff, a citizen of California, against Vereninova, also a citizen of California, fails as a matter of law.

Plaintiff's complaint alleges that Vereninova harassed plaintiff on the basis of her race, creating a hostile work environment. To establish a prima facie case of racially hostile work environment under FEHA, plaintiff must plead and prove that: (1) she was a member of a protected class; (2) she was subjected to unwelcome racial harassment; (3) the harassment was based on race; (4) the harassment unreasonably interfered with her work performance by creating an intimidating hostile, or offensive work environment; and (5) the employer is liable for the harassment. Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 876 (2010); see also Nazir v. United Airlines, Inc., 178 Cal. App. 4th 243, 264 (2009). Courts interpret harassment to include conduct "outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 63 (1996). Further, "an employee must allege facts showing that workplace harassment was 'severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees.'" Hale v. Bank of Am., N.A., 2013 WL 989968, at *4 (C.D. Cal. Mar. 13, 2013) (quoting Hughes v. Pair, 46 Cal.4th 1035, 1043 (2009)).

As discussed above, plaintiff alleges that Vereninova was "condescending and abusive towards Hispanic employees," but not towards White employees, and favored White employees over Hispanic employees in making promotion decisions. Although plaintiff asserts that these allegations, standing alone, suffice to state a claim for harassment, plaintiff also proffers a declaration in which she avers that she intends to file a first amended complaint ("FAC") in state court that will "elaborate on what I meant by Vereninova's 'condescending and abusive' conduct toward Hispanic employees." Rios

---

[4] Plaintiff does not appear to dispute that—excluding Vereninova—complete diversity exists among plaintiff and defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6  'O'

| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
|---|---|---|---|
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

Decl. ¶ 5. Specifically, Rios intends to add the following allegations to her FAC:

> Defendant Vereninova would frequently intimidate me and other Hispanic employees and make us feel uncomfortable. During my employment with Defendant, I was informed by my Hispanic co-workers that Defendant Vereninova regularly referred to Hispanic employees as "beaners," an extremely derogatory term used to refer to Hispanics. After hearing that I felt even more strongly that Defendant Vereninova was prejudiced as to Hispanic People.
>
> Defendant Vereninova routinely exercised a double standard for me and other Hispanic employees, in that she would consistently publicly ostracize and humiliate us for coming in late or taking longer lunches, but she did not criticize non-Hispanic employees who broke the same rules.
>
> When I would take longer lunches, Defendant Vereninova would reprimand me and give me a write-up, but my non-Hispanic co-workers who took longer lunches were not reprimanded or written-up by Defendant Vereninova.
>
> Defendant Vereninova would constantly yell at me and other Hispanic employees in a cruel and demeaning manner when we made mistakes in our work. But I saw non-Hispanic employees make the same mistakes and Defendant Vereninova reacted in a more professionally and civil manner towards them.
>
> Defendant Vereninova was not receptive when I and other Hispanic employees tried to ask her questions. She regularly gave me and other Hispanic employees the cold shoulder or turned away when we tried to ask her questions. When I tried to ask Defendant Vereninova questions about work, she would show me her facial expression of disapproval, implying that she did not want to answer my questions. If I was asking her a question over the telephone she would heavily sigh and speak to me in a very condescending way, as if she did not want to answer my questions. But I saw that she was more welcoming to non-Hispanic employees who had questions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6    'O' |
|---|---|---|---|
| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

> Defendant Vereninova refused to respond to Hispanic employees' greetings like, "Good Morning," but would respond to other non-Hispanic employees' greetings.
>
> Other Hispanic employees and I were regularly ignored at staff meetings. Defendant Vereninova would talk over us when we tried to say anything at staff meetings. Yet, she did not act this way toward non-Hispanic employees.

Id.

Defendants assert that plaintiff's current complaint does not state an harassment claim for three reasons: the complaint (1) is impermissibly grounded in personnel management activities; (2) alleges no facts supporting an inference that Vereninova's conduct was motivated by race; and (3) does not describe conduct giving rise to an inference that Vereninova's acts were sufficiently severe or pervasive to create a hostile work environment. Opp'n Remand at 5-9. Further, defendants assert that the allegations Rios intends to add to her FAC "illustrate[] that there is no possibility that she can prevail in a harassment claim against Vereninova." Id. at 11.

Defendant misapprehends the standard for evaluating fraudulent joinder. The standard is not whether there is a possibility that plaintiff will prevail on her harassment claim; rather, the standard is whether defendants can demonstrate by clear and convincing evidence that there is no possibility that plaintiff will be able to state an harassment claim. Here, defendants have not made that showing.

Even assuming *arguendo* that plaintiff has not plead facts sufficient to state a FEHA harassment claim against Vereninova, defendants have not established that plaintiff will be unable to amend her complaint with the aforementioned allegations and ultimately state such a claim. See, e.g., Ontiveros v. Michaels Stores, Inc., 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) ("[T]he defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies."); Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159-60 (C.D. Cal. 2009) (remanding action where defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure the pleading deficiency regarding the alleged sham defendant); Nickelberry v. DaimlerChrysler Corp., 2006 WL 997391, *1-2 (N.D. Cal. April. 17, 2006) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6   'O' |
|---|---|---|---|
| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

Defendants rely heavily on Reno v. Baird,18 Cal. 4th 640 (1998) and Janken v. GM Huges Elecs., 46 Cal. App. 4th 55 (1996) for the proposition that personnel management activity is not harassment, regardless of the motivation behind that activity, and thus plaintiff will be unable to prevail on her claim.  Apart from misstating the standard for fraudulent joinder, defendant fails to mention the more recent case of Roby v. McKesson Corp., where the California Supreme Court determined that managerial acts can form the basis for a harassment claim where such acts have the "secondary effect of communicating a hostile message."  47 Cal. 4th 686, 709 (2009).  In light of Roby, Vereninova's managerial conduct may be relevant to plaintiff's harassment claim.  It follows that plaintiff's allegations against Vereninova, including conduct deemed managerial, could suffice to state a claim for harassment in state court

Defendants' argument that plaintiff cannot establish that Vereninova's conduct was sufficiently "severe" and "pervasive" to constitute harassment is similarly unpersuasive. "[T]here is neither a threshold 'magic number' of harassing incidents that gives rise . . . to liability . . . nor a number of incidents below which a plaintiff fails as a matter of law to state a claim."  Dee v. Vintage Petroleum, Inc., 106 Cal. App. 4th 30, 36 (2003). Accordingly, the Court cannot conclude that plaintiff's alleged incidents of harassment are insufficient as a matter of law.

At bottom, plaintiff's allegations create a "non-fanciful" possibility that plaintiff will be able to state a claim against Vereninova for race-based harassment.  See Gonzalez v. J.S. Paluch Co., 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) ("Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of fraudulent joinder doctrine.") (internal quotations and citations omitted).  Consequently, defendants fail to meet their heavy burden of showing that Vereninova has been fraudulently joined.  In light of this, complete diversity does not exist and removal was improper.

### B. Attorney's Fees

In her motion to remand, plaintiff also requests that the Court order defendant to pay the costs incurred by plaintiff as result of removal.  Although courts have discretion to order payment of such costs, 28 U.S.C. § 1447(c), the Court declines to exercise that discretion here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-07697-CAS-AJWx | Date | November 24, 2014 |
| Title | ROSSANA RIOS V. CAREER EDUCATION CORPORATION ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand to state court. Because the Court lacks subject matter jurisdiction over this action, the Court DENIES defendant Vereninova's motion to dismiss as moot.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |